# SETTLEMENT AGREEMENT & RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between Quinncy Parker ("Named Plaintiff" or "Parker"), individually and on behalf of the putative Rule 23 class action members ("Class Members") and the putative 29 U.S.C. § 216(b) collective action members ("Collective Members") that she represents, and Villa of Greenfield, LLC and Bay Harbor Assisted Living, LLC ("Defendants") (collectively, the "Parties").

## RECITALS

**WHEREAS**, Parker filed a class/collective action Complaint ("Complaint") in the United States District Court for the Eastern District of Wisconsin (Milwaukee Division), captioned *Parker v. Villa of Greenfield, LLC and Bay Harbor Assisted Living, LLC*, Case No. 20-cv-1696 alleging claims against Defendants under the Fair Labor Standards Act of 1938, as amended, ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* and companion state law claims pursuant to Wisconsin's Wage Payment and Collection Laws ("WWPCL"), including WIS. STAT. § 109.01 *et seq.*, WIS. STAT. § 104.01 *et seq.*, WIS. STAT. § 103.001 *et seq.*, WIS. ADMIN. CODE § DWD 274.01 *et seq.*, and WIS. ADMIN. CODE § DWD 272.001 *et seq.*, for their alleged failure to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in all current and former hourly-paid, non-exempt employees' regular rates of pay for overtime calculation purposes (the "Lawsuit").

**WHEREAS**, the purpose of this Agreement is to settle fully and finally the Lawsuit alleged in the Complaint, as set forth in more detail in this Agreement, and those claims that could have been so asserted under the FLSA or companion state law claims pursuant to the WWPCL which might be brought pursuant to those facts alleged in the Complaint by Parker or those hourly-paid, non-exempt employees whom Parker seeks to represent; and

**WHEREAS**, bona-fide disputes and controversies exist between the Parties as to the allegations in the Lawsuit. Defendants deny all of the allegations asserted in the Complaint, and denies that either is liable or owes damages to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit; nonetheless, without admitting or conceding any liability or damages whatsoever, Defendants have agreed to settle the Lawsuit on the terms and conditions set forth in this Agreement; and

**WHEREAS**, Plaintiffs' Counsel, Walcheske & Luzi, LLC, among other things, analyzed and evaluated the merits of the claims made against Defendants in the Lawsuit, conducted interviews with Parker, engaged in formal and informal discovery, reviewed documents relating to Defendants' compensation policies and practices, and analyzed payroll data, and, based upon Plaintiffs' Counsel's analysis and evaluation of a number of factors, and recognizing the substantial risks of litigation, including the possibility that the Lawsuit, if not settled now, might not result in any recovery or might result in a less favorable recovery, and that any recovery would not occur for several years, Plaintiffs' Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that this Agreement is in the best interests of the Plaintiffs.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the Lawsuit on the following terms and conditions.

## 1. DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below.

1.1 "Class Members" means those Plaintiffs within the Settlement Class who do not submit a request for exclusion with Plaintiffs' Counsel within thirty (30) calendar days[1] following service of the Settlement Notice and who performed work for Defendants within the two years preceding the filing of the Complaint in the Lawsuit.

1.2 "Collective Members" means those Plaintiffs within the Settlement Class who file an Opt-In Consent Form within thirty (30) days following service of the Notice Packet and who performed work for Defendants within the three years preceding the filing of the Complaint in the Lawsuit.

1.3 "Complaint" means the Complaint that was filed on November 11, 2020 with the United States District Court for the Eastern District of Wisconsin (Milwaukee Division) in the Lawsuit.

1.4 "Court" means the United States District Court for the Eastern District of Wisconsin (Milwaukee Division).

1.5 "Defendants" mean Villa of Greenfield, LLC and Bay Harbor Assisted Living, LLC.

1.6 "Defendants' Counsel" means Davis & Kuelthau, S.C., as counsel for Defendant, Villa of Greenfield, LLC, and Reinhart Boerner Van Deuren, S.C., as counsel for Defendant, Bay Harbor Assisted Living, LLC.

1.7 "Employer Payroll Taxes" means all taxes and withholdings an employer is required to make arising out of or based upon the payment of employment/wage compensation applicable to the allegations of the Complaint and arising under this Agreement, including FICA, FUTA, and SUTA obligations, which are not included in the Gross Settlement Amount.

1.8 "FLSA Collective" shall be comprised of all Collective Members.

1.9 "Gross Settlement Amount" means Eighteen Thousand, Nine Hundred and Forty-Six Dollars and Seventy-Three Cents ($18,946.73) which is the maximum amount that Defendants have agreed to pay to fully resolve and settle the Lawsuit, and which includes any and all amounts to be paid to Plaintiffs, any claim for attorneys' fees and costs, and a Service Award to Parker. Defendants will not be required to pay any more than the Gross Settlement Amount, except for the Employer Payroll Taxes.

---

[1] Any reference to days herein shall mean calendar days unless otherwise stated.

**1.10** "Individual Payment" shall mean the payment set forth in Section 3.4.

**1.11** "Named Plaintiff' means Quinncy Parker.

**1.12** "Net Settlement Fund" means the remainder of the Gross Settlement Amount after deductions, payments, or allocations for attorneys' fees and costs for Plaintiffs' Counsel and a Service Award for Parker.

**1.13** "Notice Packet" collectively refers to: (a) the Notice of Class and Collective Action and Proposed Settlement; and (b) the Opt-In Consent Form, which shall be issued to each Settlement Class member, in accordance with Section 2, and which is attached hereto as Exhibit B.

**1.14** "Notice Period" shall mean the period of thirty (30) days following service of the Notice Packet.

**1.15** "Order Granting Approval of Settlement" or "Approval Order" means an order to be entered by the Court that gives final approval to the Settlement and this Agreement, and enters Final Judgment, dismissing the Lawsuit with prejudice.

**1.16** "Parties" collectively means the Named Plaintiff, Quinncy Parker, individually and on behalf of the Collective Members and Class Members whom she purports to represent, and the Defendants, Villa of Greenfield, LLC and Bay Harbor Assisted Living, LLC

**1.17** "Plaintiffs" means any and all members of the Settlement Class, including Plaintiff Quinncy Parker, Class Members, and Collective Members.

**1.18** "Plaintiffs' Counsel" means Walcheske & Luzi, LLC.

**1.19** "Release" means the release and waiver of claims set forth in Section 4.

**1.20** "Releasees" means Villa of Greenfield, LLC and Bay Harbor Assisted Living, LLC and their predecessors and successors, parents, subsidiaries, divisions, and affiliates, and all of each such entity's officers, directors, shareholders, managers, members, claimants, insurers, agents, attorneys and assigns, in their individual and representative capacities.

**1.21** "Settlement," "Settlement Agreement," or "Agreement" means this writing and the exhibits hereto, which the Parties understand and agree set forth all material terms and conditions of the Settlement between them regarding the Lawsuit which is subject to Court approval.

**1.22** "Settlement Effective Date" means a date which is fourteen (14) days after the entry of Final Judgment in the Lawsuit.

**1.23** "Settlement Check" or "Settlement Checks" means the check, or collectively, the checks, issued to each Settlement Class member for his or her individual share of the Net Settlement Fund calculated in accordance with this Agreement.

**1.24**  "Settlement Check Void Date" means the 120-day period that a Settlement Class member has to sign and cash a Settlement Check after it is received as defined in Section 2.4.

**1.25**  "Settlement Class" means all hourly-paid, non-exempt employees employed by Defendants between November 11, 2017 and November 11, 2020 who, the Lawsuit alleges, earned forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in workweeks in which they worked in excess of forty (40) hours as identified in Exhibit A hereto.

**1.26**  "Settlement Payments" means the settlement payment amount attributable to each Settlement Class member, in accordance with Section 3.1 for the amounts reflected in Exhibit A.

**1.27**  "WWPCL Class" shall be comprised of all Class Members.

## 2. JUDICIAL APPROVAL AND NOTICE TO PLAINTIFFS

**2.1**  Binding Agreement.  This Agreement is a binding agreement and contains all material agreed-upon terms for the Parties to seek a full and final settlement and dismissal of the Lawsuit.

**2.2**  Preliminary Approval of Settlement.

(A)  Within thirty (30) days from the execution of this Agreement, Plaintiffs' Counsel shall file a Joint Motion for Preliminary Approval of Class Action Settlement and Class Certification for the Purposes of Settlement ("Approval Motion").  Plaintiffs' Counsel will provide Defendants' Counsel with a draft of the Approval Motion for review and comment as soon as practicable before filing it with the Court.  With the Approval Motion, Plaintiffs' Counsel also will file this Agreement along with all Exhibits attached hereto.  Among other things, the Approval Motion will ask the Court for:

1.  Preliminary approval of the Settlement memorialized in this Agreement as fair, reasonable, and adequate;

2.  Certification of this case as a class action under FED.R.CIV.P. 23 for the purpose of settlement;

3.  Certification of this case as a collective action under 29 U.S.C. § 216(b) for the purpose of settlement;

4.  Appointment of Quinncy Parker as the Class Representative and Collective Representative;

5.  Appointment of Walcheske & Luzi, LLC as Class Counsel pursuant to FED.R.CIV.P. 23(g) and Collective Counsel pursuant to 29 U.S.C. § 216(b);

6.      Approval of the Notice Packet in the form of Exhibit B for distribution to all Settlement Class members;

7.      A finding that the Notice Packet to be given constitutes the best notice practicable under the circumstances, including individual notice to all Settlement Class members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Settlement Class members in full compliance with the requirements of applicable law, including the Due Process clause of the United States Constitution;

8.      A direction that each potential Settlement Class member who wishes to be included in the FLSA Collective opt-in per the instructions set forth in the Notice, and that their response must be postmarked within thirty (30) days of mailing of the Notice Packet;

9.      A direction that each potential Settlement Class member who wishes to be excluded from the WWPCL Class comply with the instructions set forth in the Notice, and that their response must be postmarked within thirty (30) days of mailing of the Settlement Notice;

10.     A direction that any Settlement Class Member who has not properly and timely requested exclusion from the WWPCL Class shall be bound by the Settlement with respect to claims brought under the WWPCL in the event the Court issues a Final Order Approving Settlement;

11.     That a Fairness Hearing be held at the earliest convenient time for the Court, but in no event sooner than sixty (60) days after the commencement of the Notice Period, to determine whether this Agreement should be approved as fair, reasonable, and adequate, and whether the proposed Final Order Approving Settlement should be entered; and,

12.     A direction that any Class Member or Collective Member who wishes to object in any way to the proposed Agreement must file and serve such written objections per the instructions set forth in the Settlement Notice, which must be postmarked no later than fourteen (14) days prior to the Fairness Hearing, together with copies of all papers in support of his or her position. The Settlement Notice shall state that the Court will not consider objections of any Class Member or Collective Member who has not properly served copies of his or her objections on a timely basis.

(B)    Mailing of Notice Packets.

Within ten (10) days of the Court entering an Order preliminarily approving this Agreement, Defendants will provide Plaintiffs' Counsel with the last known addresses for each putative Settlement Class member. Within seven (7) days thereafter, Plaintiffs' Counsel will mail the Notice Packet to all putative Settlement

Class members. Plaintiffs' Counsel will exclusively handle notice and administration of the settlement and settlement payments related to the Lawsuit.

(C) Objection to Settlement.

Any Class Member or Collective Member who intends to object to the fairness of the Agreement or of Plaintiffs' fee application must, by the date specified in the Preliminary Order Approving Settlement, file any such objection with the Court and provide copies of the objection to both Plaintiffs' Counsel and Defendants' Counsel.

Any objection to the Agreement must include: (i) the objector's full name, address, and telephone number; (ii) dates of employment at Defendants and job title(s) held; (iii) a written statement of all grounds for the objection, including any legal support for the objection; (iv) copies of any papers, briefs, or other documents upon which the objection is based; (v) a list of all persons who will be called to testify in support of the objection; and (vi) a statement whether the objector intends to appear at the Fairness Hearing. If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing. Any Class Member or Collective Member who does not file a timely written objection to the settlement and notice of his or her intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

(D) Request for Exclusion.

Any member of the Settlement Class who wishes to be excluded from the WWPCL Class must submit a request for exclusion postmarked no later than thirty (30) days after the mailing of the Notice Packet. Any member of the Settlement Class who fails to submit a timely request to be excluded shall be a member of the WWPCL Class subject to and bound by this Agreement and every applicable order or judgment entered pursuant to this Agreement.

(E) Fairness Hearing.

On the date set forth in the Preliminary Approval Order or by such other Order as the Court will provide, a Fairness Hearing shall be held at which the Court will decide whether to certify the Settlement Class and decide whether to approve the Agreement as fair, reasonable, and adequate.

(F) Entry of Judgment.

If this Agreement is finally approved by the Court, a Final Order Approving Settlement and directing the entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) shall be entered as follows:

(A) Certifying the WWPCL Class pursuant to FED.R.CIV.P. 23 and the FLSA Collective pursuant to 29 U.S.C. § 216(b);

(B)     Approving the Agreement as fair, reasonable, and adequate as it applies to the WWPCL Class and FLSA Collective;

(C)     Appointing Quinncy Parker as Class Representative for the WWPCL Class and FLSA Collective;

(D)     Appointing Walcheske & Luzi, LLC as counsel for the WWPCL Class and FLSA Collective;

(E)     Declaring the Agreement to be binding on the Parties;

(F)     Dismissing with prejudice the WWPCL Class and FLSA Collective members' released claims;

(G)     Dismissing without prejudice the WWPCL claims of the Settlement Class members who properly and timely excluded themselves from the WWPCL Class in full accordance with the procedures set forth in this Agreement;

(H)     Dismissing without prejudice the FLSA claims of the Settlement Class members who do not properly and timely include themselves in the FLSA Collective in full accordance with the procedures set forth in this Agreement;

2.3     Within fourteen (14) days after Final Judgment is entered, Defendants will deliver Settlement Checks, less all applicable withholdings as described in Section 3.4 below, to Plaintiffs' Counsel for distribution to members of the WWPCL Class and FLSA Collective.

2.4     Once delivered to Plaintiffs' Counsel, the Settlement Checks will be forwarded to all Plaintiffs. Settlement Checks issued pursuant to this Agreement shall expire upon the Settlement Check Void Date, which is one hundred twenty (120) days after issuance. After the Settlement Check Void Date, Defendants will issue a stop payment order on all uncashed or returned checks.  In the event that, before the close of the Settlement Check Void Date, Plaintiffs' Counsel becomes aware that a Settlement Class member did not receive the Settlement Check, or if a Settlement Class member reports a lost or destroyed Settlement Check, or otherwise requests reissuance of his or her Settlement Check prior to the Settlement Check Void Date, Plaintiffs' Counsel shall so advise Defendants' Counsel and Defendants shall issue a stop payment order on the original check and issue a new check.  In no event shall a Settlement Class member be issued a replacement check until any prior check sent to them has been cancelled.

3.      **SETTLEMENT TERMS**

3.1     **Settlement Payments.**

(A)     Defendants agree to pay up to the maximum Gross Settlement Amount, which shall fully resolve and satisfy any and all amounts to be paid to the Plaintiffs, a Service Award as more fully set forth herein, and attorneys' fees and costs. Defendants will

not be required to pay more than this amount under the terms of this Agreement, with the exception of Employer Payroll Taxes. The Settlement Checks will be paid directly by Villa of Greenfield, LLC.

(B)     Any portion of the Net Settlement Fund that is allocated to Settlement Class members who properly and timely exclude themselves from the WWPCL Class and/or who do not properly and timely opt-in the FLSA Collective, or is unclaimed by Class Members and Collective Members who do not timely sign and cash a Settlement Check, shall remain with the Defendants. There shall be no reallocation of unclaimed settlement funds to Plaintiffs.

## 3.2     Settlement Amounts Payable as Attorneys' Fees and Costs.

(A)     Defendants have agreed to pay Plaintiffs' Counsel the sum of $15,000.00 (Fifteen Thousand Dollars and Zero Cents) from the Gross Settlement Amount as an award of attorneys' fees and case-related costs and expenses from the Gross Settlement Amount. Defendants stipulate and agree that said fees and costs are reasonable and reflect Plaintiffs' actual fees incurred to date and a representative amount which the parties expect Plaintiffs' Counsel to reasonably incur in prosecution of the Lawsuit through completion. This payment shall constitute full satisfaction of any claim for attorneys' fees or costs, and Plaintiffs' Counsel, Class Members and Collective Members (including Parker) agree that they shall not seek, nor be entitled to, any additional attorneys' fees or costs under any theory or from any source, incurred in relation to this case.

(B)      The Parties intend that Plaintiffs' Counsel's application for attorneys' fees and costs, and any and all filings in support thereof, are not part of this Agreement and are to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the Settlement and this Agreement. The outcome of any proceeding related to Plaintiffs' Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Approval Motion.

## 3.3     Service Award.

(A)     Defendants have agreed to pay Parker the sum of $1,000.00 (One Thousand Dollars and Zero Cents) from the Gross Settlement Amount for the services she rendered to the Plaintiffs. Defendants stipulate and agrees that said payment is reasonable.

(B)     This Service Award and any requirements for obtaining any such payment are separate and apart from, and in addition to, Named Plaintiff's recovery from the Net Settlement Fund as a Plaintiff. The substance of the Named Plaintiff's application for a Service Award is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy and good faith of the Settlement and this Agreement. The outcome of the Court's ruling on the application for a Service Award shall not terminate this Agreement or otherwise affect the Court's ruling on the Approval Motion. Notwithstanding

anything else in this paragraph (3.3), the Court's grant of the Approval Motion and entry of final judgment in the Lawsuit are preconditions to payment of the Service Award.

**3.4    Distribution of Payments.**

(A)    Within fourteen (14) days after the Court's Approval Order is rendered, payment pursuant to Sections 3.2 and 3.3 shall be made by Defendants and delivered to Plaintiffs' Counsel.

(B)    Within fourteen (14) days after the Court's Approval Order is rendered, Settlement Checks shall be mailed to Plaintiffs' Counsel by Defendants. The Settlement Checks will be mailed promptly thereafter to Class Members and Collective Members by Plaintiffs' Counsel in accordance with Section 2.3.

(C)    The allocation to Class Members and Collective Members for their Settlement Payments will be made from the Net Settlement Fund for the gross amounts reflected on Exhibit A.

(D)    Tax Characterization of Payments.

    1.    Payments of attorneys' fees and costs pursuant to Section 3.2 shall be made without withholding and be reported to the Internal Revenue Service ("IRS") and to Plaintiffs' Counsel on an IRS Form 1099.

    2.    Payment of a Service Award pursuant to Section 3.3 shall be made without withholding and be reported to the IRS and to Parker on an IRS Form 1099.

    3.    Settlement Payments made from the Net Settlement Fund to each Settlement Class member reflected on Exhibit A shall be treated as wages. These gross payments shall be subject to all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the IRS and the payee under the payee's name and Social Security number on an IRS Form W-2. Defendants shall withhold payroll taxes and other lawful withholdings and will issue each Plaintiff an IRS Form W-2. These gross payments shall not be deemed "compensation" for purposes of any qualified retirement plans or other benefit programs, and payment of these amounts does not entitle any Plaintiff to any other plan contributions for Plaintiff's benefit or account.

    4.    The Parties and their Counsel make no representations as to the taxability of any portions of the Settlement Payments to any Plaintiffs, the payment of any costs or award of attorneys' fees, or any payment to the Plaintiffs. Neither Plaintiffs' Counsel nor Defendants' Counsel intend anything contained herein to constitute legal advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

## 4. RELEASE OF CLAIMS

**4.1** <u>Release By Collective Members.</u>  Conditioned upon and within 5 days of the Court's issuance of the Approval Order and the entry of Final Judgment, and in exchange for the monetary consideration recited in this Agreement, Named Plaintiff hereby agrees to request that the Court dismiss the Lawsuit with prejudice.  Upon receipt of his or her respective Settlement Check and Settlement Payment, each Collective Member, including Parker, will be deemed to have released the Releasees from: any and all wage and hour claims that accrued while performing any work for either or both Defendants as an hourly paid, non-exempt employee, relating back to the full extent of the applicable statute of limitations, including, without limitation, all claims for unpaid overtime wages, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses, and any other claims derived from the alleged failure to pay such wages when due pursuant to Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq* (the "FLSA").

**4.2** <u>Release By Class Members.</u>  Conditioned upon and within 5 days of the Court's issuance of the Approval Order and the entry of Final Judgment, and in exchange for the monetary consideration recited in this Agreement, Named Plaintiff hereby agrees to request that the Court dismiss the Lawsuit with prejudice.  Upon receipt of his or her respective Settlement Check and Settlement Payment, each Class Member, including Parker, will be deemed to have released the Releasees from: any and all wage and hour claims that accrued while performing any work for either or both Defendants as an hourly paid, non-exempt employee, relating back to the full extent of the applicable statute of limitations, including, without limitation, all claims for unpaid overtime wages, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses, and any other claims derived from the alleged failure to pay such wages when due pursuant to  Wisconsin's Wage Payment and Collection Laws (the "WWPCL"), WIS. STAT. § 109.01 *et seq.*, WIS. STAT. § 104.01 *et seq.*, WIS. STAT. § 103.001 *et seq.*, WIS. ADMIN. CODE § DWD 274.01 *et seq.*, and WIS. ADMIN. CODE § DWD 272.001 *et seq.*

## 5. VOIDING THE AGREEMENT

**5.1** If the Court rejects the Settlement and/or this Agreement, fails to approve and enter the Approval Order in substantially the form submitted by the Parties, or fails to enter Final Judgment, unless the Parties agree in writing, this Agreement shall be void *ab initio* except as to the provisions expressly stated in this Agreement to survive.

**5.2** A decision of the Court declining to approve any material condition of this Agreement which effects a fundamental change of the Parties' agreement (except as to any payment under Sections 3.2 and 3.3), including but not limited to requiring that Defendants pay any amount in excess of the Gross Settlement Amount except as described herein, shall render the entire Settlement voidable and unenforceable as to all Parties at the option of either Party.  Each Party may exercise its option to void this Settlement by giving notice, in writing, to the other and to the Court within fifteen (15) days of the Court's disapproval of any material condition, but in no event at any time after the Approval Order.

**5.3** In the event that the Court fails to approve the Settlement and/or this Agreement, the Parties (a) must first attempt to renegotiate the Settlement for the purpose of obtaining Court approval of a renegotiated Settlement and Agreement according to the Court's guidance (if any) relating to its rejection of this Settlement or Agreement and (b) if the Parties reach impasse in their renegotiation attempt, the Parties must seek reconsideration or appellate review of the decision denying approval of the Settlement or Agreement within 60 days of impasse. In the event reconsideration and/or appellate review is denied, or a mutually agreed-upon settlement modification is not approved, and the Parties decide to forego further negotiation of a settlement, the Lawsuit will proceed as if no settlement had been attempted. In that event, nothing in the Settlement or Agreement may be used by or against any Party under Rule 408 of the Federal Rules of Evidence.

## 6. PARTIES' AUTHORITY

The signatories hereto hereby represent that they are fully authorized to enter into this Agreement and to bind the Parties (including all Plaintiffs, through their representation by Parker and Plaintiffs' Counsel) hereto to the terms and conditions hereof.

## 7. MUTUAL COOPERATION

**7.1** The Parties agree to reasonably cooperate with each other and to take all steps necessary and appropriate to obtain the Court's approval of this Agreement and all of its terms and to effectuate the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Agreement. The Parties to this Agreement shall use their commercially reasonable efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement and the terms set forth herein. As soon as practicable after execution of this Agreement, Plaintiffs' Counsel shall, with the assistance and cooperation of Defendants and their counsel, take all necessary steps to secure the Court's approval of this Agreement.

## 8. NOTICES

**8.1** Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To Plaintiffs:

David M. Potteiger
WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, WI 53005
dpotteiger@walcheskeluzi.com

To Villa of Greenfield, LLC:

Anthony J. Steffek
DAVIS & KUELTHAU, S.C.
318 Washington Street, Suite 300
Green Bay, WI 54301
asteffek@dkattorneys.com

To Bay Harbor Assisted Living, LLC:

Michael J. Gentry
REINHART BOERNER VAN DEUREN, S.C.
1000 N. Water Street, Suite 1700
Milwaukee, WI 53202
mgentry@reinhartlaw.com

## 9. NO ADMISSION OF LIABILITY

**9.1** Defendants denies all of the allegations made by Parker in the Complaint and denies that either is liable or owes wages or any other damages to anyone with respect to the alleged facts or causes of action asserted in the Complaint. Nonetheless, without admitting or conceding any liability or damages whatsoever, Defendants have agreed to settle the Lawsuit on the terms and conditions set forth in this Agreement.

## 10. INTERPRETATION AND ENFORCEMENT/MISCELLANEOUS TERMS

**10.1** Further Acts. Each Party, upon the request of any other Party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**10.2** No Assignment. Plaintiffs' Counsel and Named Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Lawsuit and any attempt to do so shall be of no force or effect.

**10.3** Entire Agreement. This Agreement, including its attached Exhibits, constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

**10.4** Binding Effect. This Agreement shall be binding upon the Parties and, with respect to the Settlement Class members, including Named Plaintiff, their spouses, children, representatives, heirs, Administrators, executors, beneficiaries, conservators, attorneys and assigns.

**10.5    Arms' Length Transaction; Materiality of Terms.**  The Parties have negotiated all the terms and conditions of this Agreement at arms' length.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

**10.6    Captions.**  The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**10.7    Construction.**  The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each Party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

**10.8    Governing Law.**  This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of Wisconsin, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

**10.9    Continuing Jurisdiction.**  The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the Settlement contemplated thereby.

**10.10   Waivers, etc. to Be in Writing.**  No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification or amendment with any required Court approval.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**10.11   Counterparts.**  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same original instrument.

**10.12   Facsimile, Electronic and E-mail Signatures.**  Any Party may execute this Agreement by signing or by causing its counsel to sign, or by e-signature on the designated signature block below and transmitting that signature page via facsimile, e-mail, or other electronic means to counsel for the other Party.  Any signature made and transmitted by facsimile, e-signature, or e-mail for the purpose of executing this Agreement shall be deemed an

original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile, e-signature or e-mail.

**10.13** Signatories. This Agreement is valid and binding if signed by Defendants' authorized representatives and Parker.

**IN WITNESS WHEREOF,** the parties hereto have executed this Agreement on the day and year set forth below:

**QUINNCY PARKER, on behalf of herself and all members of the Settlement Class**

_____

Date: _____

**VILLA OF GREENFIELD, LLC**

By: _____

Title: _____

Date: _____

**BAY HARBOR ASSISTED LIVING, LLC**

By: _____

Title: _____

Date: _____

| First Name | Last Name | FLSA Collective Award | Rule 23 Class Award |
|---|---|---|---|
| Briana | Allen | $120.50 | $18.32 |
| Teresa | Allen | $33.20 | $5.05 |
| Iyisha | Armstrong Montoya | $32.37 | $4.92 |
| Dorris | Badini | $0.58 | $0.09 |
| Alexia | Basemore | $153.64 | $23.36 |
| Dantendra | Bland | $13.30 | $2.02 |
| Bevan | Boyle | $105.05 | $15.97 |
| Iesha | Burks | $78.74 | $11.97 |
| Tiffany | Burks | $67.62 | $10.28 |
| Shynia | Carson | $11.33 | $1.72 |
| Quennesha | Crumble | $16.50 | $2.51 |
| Mariah | Davis | $0.18 | $0.03 |
| Mary | Dotson | $7.21 | $1.10 |
| Nadia | Evans | $0.31 | $0.05 |
| Tiffany | Foley | $298.63 | $45.41 |
| Alyssa | Freyer | $29.33 | $4.46 |
| Ashley | Gilmore | $74.94 | $11.40 |
| Ben | Glowinski | $3.35 | $0.51 |
| Crystal | Grabowski | $252.11 | $38.33 |
| Tiera | Grant | $18.01 | $2.74 |
| Japonica | Green | $9.98 | $1.52 |
| Shontell | Hayes | $41.99 | $6.38 |
| Cheri | Hernigle | $71.35 | $10.85 |
| Gloria | Howard | $0.24 | $0.04 |
| Portia | Howard | $37.13 | $5.65 |
| Bianca | Hudson | $12.28 | $1.87 |
| RalPhanna | James | $0.14 | $0.02 |
| Bonnie | Johnson | $3.98 | $0.60 |
| Markesha | Jones | $2.08 | $0.32 |
| Iris | Khan | $0.94 | $0.14 |
| Sonia | Lopez | $59.61 | $9.06 |
| Leonore | Lugo | $16.18 | $2.46 |
| Cierra | Marbley | $3.04 | $0.46 |
| Leosha | Martin | $8.52 | $1.30 |
| Quelyn | Miller | $2.82 | $0.43 |
| Katrina | Noblin | $0.41 | $0.06 |
| Adell | Osborn | $77.84 | $11.84 |
| Quinney | Parker | $0.62 | $0.09 |
| Alicia | Phillips | $13.56 | $2.06 |
| Tara | Porth | $38.80 | $5.90 |
| Ashley | Purifoy | $24.47 | $3.72 |
| Marcia | Ramey | $37.84 | $5.75 |
| Samantha | Risse | $41.71 | $6.34 |
| Janita | Roberson | $10.86 | $1.65 |
| Stephanie | Roberts | $12.46 | $1.90 |
| Shamill | Robinson | $15.14 | $2.30 |

| | | | |
|---|---|---|---|
| Susan | Schmitz | $4.12 | $0.63 |
| Juanita | Scott | $13.21 | $2.01 |
| Crystal | Seeber | $3.81 | $0.58 |
| Tamara | Sesum | $0.42 | $0.06 |
| Terry | Simms | $0.14 | $0.02 |
| Danielle | Spolowicz | $103.45 | $15.73 |
| Debra | Thomas | $27.28 | $4.15 |
| Tahjeona | Thomas | $3.09 | $0.47 |
| Alexandra | Treder | $49.18 | $7.48 |
| Samantha | Treder | $35.06 | $5.33 |
| Christina | Valentine | $243.56 | $37.03 |
| Nina | Vasquez | $51.82 | $7.88 |
| Maria | Webb | $122.41 | $18.61 |
| Jessica | White | $10.24 | $1.56 |
| Dyanna | Wright | $2.53 | $0.38 |
| Shantel | Wright | $4.25 | $0.65 |
| Keria | Young | $22.32 | $3.39 |

# If you performed work for
# Villa of Greenfield, LLC and/or Bay Harbor Assisted Living, LLC
## as an hourly-paid, non-exempt employee between the dates of November 11, 2017 and November 11, 2020, you may be entitled to benefits under this settlement.

**THIS NOTICE AFFECTS YOUR LEGAL RIGHTS.  PLEASE READ IT CAREFULLY.**

*This is not a solicitation from a lawyer.  A Federal Court has authorized this Notice.*

TO:    Certain Hourly-Paid, Non-Exempt, Employees Who Performed Work for *Villa of Greenfield, LLC and Bay Harbor Assisted Living, LLC*

RE:    Settlement of Claims for Alleged Unlawful Payment Practices

- Quinncy Parker (the "Class Representative") filed a lawsuit in the United States District Court for the Eastern District of Wisconsin (Milwaukee Division), captioned *Parker v. Villa of Greenfield, LLC and Bay Harbor Assisted Living, LLC*, Case No. 20-cv-1696, alleging among other things that Villa of Greenfield, LLC and Bay Harbor Assisted Living, LLC ("Defendants") failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in all current and former hourly-paid, non-exempt employees' regular rates of pay for overtime calculation purposes (the "Lawsuit").

- Defendants deny the allegations in the Lawsuit, but, to avoid costly and time-consuming litigation, entered into a Settlement Agreement and Release (the "Settlement") with the Class Representative.

- For settlement purposes, the Court certified the Lawsuit as a class action and collective action on behalf of hourly-paid, non-exempt employees who worked for Defendants, as follows:

  > <u>The following Rule 23 Class has been certified for state law claims:</u> All hourly-paid, non-exempt employees who worked for Defendants between November 11, 2018 and November 11, 2020 who earned forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in workweeks in which they worked in excess of forty (40) hours.

  > <u>The following FLSA Collective Class has been certified for federal law claims:</u> All hourly-paid, non-exempt employees who worked for Defendants between November 11, 2017 and November 11, 2020 who earned forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in workweeks in which they worked in excess of forty (40) hours.

- This Notice is to inform you about the status of the Lawsuit, including your potential right to receive a share of the monies set aside by Defendants to resolve the Lawsuit (the "Settlement Fund").  **Your legal rights are affected, and you have a choice to make in this action now.**

46141369

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **PARTICIPATE IN THE RULE 23 CLASS** | Recipients of this Notice that were employed at Defendants at any time between November 11, 2018 and November 11, 2020 are assumed to be members of the Rule 23 Class and no further action is necessary to participate in the Rule 23 Class. If you were employed prior to and did not work at Defendants after November 11, 2017, you cannot participate in the Rule 23 Class.

If you are and wish to remain a member of the Rule 23 Class and do not additionally opt-into the FLSA Collective (described below) you will receive the Rule 23 Class Payment amount identified on **Exhibit A**, less applicable tax withholdings.

Participation in the Rule 23 Class will release all Wisconsin wage payment collection law ("WWPCL") claims against Defendants that arose between November 11, 2018 and the entry of Final Judgment. |
| **PARTICIPATE IN THE FLSA COLLECTIVE** | If you wish to participate in the FLSA Collective you must compete and return the "Opt-In Consent Form" by **[DATE]** (see Section 4, below). Failure to do so will make you ineligible for the FLSA Collective.

If you timely complete and return the "Opt-In Consent Form" and join the FLSA Collective, you will receive the FLSA Collective Payment amount identified on **Exhibit A**, less applicable tax withholdings, in addition to any Rule 23 Class Payment amount you may be entitled to if you participate in the Rule 23 Class.

Participation in the FLSA Collective will release all federal Fair Labor Standards Act ("FLSA") wage and hour claims against Defendants that arose between November 11, 2017 and the entry of Final Judgment. |
| **EXCLUDE YOURSELF** | As described below, if you exclude yourself, you will not receive any funds from and will be unable to participate in the Settlement if you choose this option, but will retain any rights you may have against Defendants over the claims in this case and, if you choose to pursue them, may do so with counsel of your choice. |
| **DO NOTHING** | If you qualify as a member of the Rule 23 Class and you take no further action, you will remain a member of that Class and will receive the Rule 23 Class amount noted above and will be bound by the Settlement.

If you do not qualify as a member of the Rule 23 Class and take no action, you will not be a part of this Lawsuit, you will not receive any funds from the Lawsuit, and you will not be bound by the Settlement. |
| **OBJECT** | Write the Court about why you do not like the Settlement. |

**Your options are explained in this Notice. Please read it carefully.**

| 1.   What is this Lawsuit about? |
|---|

The Class Representative brought this Lawsuit against Defendants on behalf of herself and all other similarly situated hourly-paid, non-exempt employees who performed work for Defendants between November 11, 2017 and November 11, 2020. The Class Representative alleges that Defendants failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in all current and former hourly-paid, non-exempt employees' regular rates of pay for overtime calculation purposes resulting in an underpayment of overtime wages. The Lawsuit is currently pending before the United States District Court for the Eastern District of Wisconsin (Milwaukee Division).

2
46141369

Through the Lawsuit, the Class Representative sought to recover from Defendants all unpaid wages, including overtime wages, liquidated damages, and reasonable attorneys' fees and costs, on her behalf as well as on behalf of all other similarly situated hourly-paid, non-exempt employees. Defendants deny all of the Class Representative's allegations, including that Defendants violated the WWPCL or FLSA, and contend that their policies and practices were compliant with applicable local, state and federal laws at all times. Defendants wish to settle this Lawsuit, however, to avoid costly and time-consuming litigation and do not admit to any wrongdoing or liability.

The Court has not rendered any decisions or determination on the merits of the Class Representative's claims or Defendants' defenses and expresses no opinion on the merits of the Class Representative's claims or Defendants' defenses.

The Class Representative and Defendants have negotiated a Settlement on behalf of the Rule 23 Class and FLSA Collective as described above. While the Court has not made a final determination on the outcome of the Lawsuit, it has preliminarily approved the proposed Settlement and authorized this Notice.

## 2. Payments Under the Settlement

For purposes of settlement, a Settlement Fund totaling Eighteen Thousand, Nine Hundred and Forty-Six Dollars and Seventy-Three Cents ($18,946.73) was created for payment: to each individual who participates in the Lawsuit (as explained above, as well as in Section 3); of a service payment to the Class Representative; and of Class Counsel's attorneys' fees and costs.

**Payments to Participants**
The amounts of the monetary payments for which individuals who participate in the Lawsuit are eligible was determined by recalculating each putative class and collective member's overtime compensation for the 2017, 2018, 2018, and 2020 calendar years after making certain reasonable assumptions regarding the amount of non-discretionary compensation earned by each individual. Payments to participants are commensurate with the amount allegedly owed to putative class and collective members which varies based upon the amount of overtime said employee worked as well as the amount of additional compensation said employee received.

**Payment of Attorneys' Fees and Costs and Service Award**
From the Settlement Fund the sum of Fifteen Thousand Dollars and Zero Cents ($15,000.00) shall be paid to Class Counsel to compensate them for their reasonable attorneys' fees and costs incurred in bringing this action. Further, One Thousand, Dollars and Zero Cents ($1,000.00) shall be allocated to the Class Representative as a service award.

## 3. Your Right to Participate and the Effect On Your Legal Rights

The claims at issue in the Lawsuit are pursuant to both state (WWPCL) and federal (FLSA) laws. Depending on your level of participation in the Lawsuit, your legal rights under one or both laws will be impacted. Defendants cannot terminate your employment, or treat you any differently because of your participation in, or exclusion from, the Settlement.

**Participate in the Rule 23 Class**
For settlement purposes, the Rule 23 Class is a class comprised of all hourly-paid, non-exempt employees who performed work for Defendants within two (2) years immediately prior to the filing of the Complaint, and who were arguably paid non-discretionary compensation in workweeks in which they worked in excess of forty (40) hours. All recipients of this Notice who were employed within this time frame are assumed to be participants in the Rule 23 Class and no further action is necessary to participate in the Rule 23 Class.

Should the Settlement be approved by the Court, participation in the Rule 23 Class will result in the release of all WWPCL claims that were or could have been asserted in the Lawsuit through the date of the Final Order Approving Settlement.

**Participate in the FLSA Collective**

3
46141369

For settlement purposes, the FLSA Collective is a collective comprised of all hourly-paid, non-exempt employees who performed work for Defendants within three (3) years immediately prior to the filing of the Complaint, and who were arguably paid non-discretionary compensation in workweeks in which they worked in excess of forty (40) hours.

Individuals who wish to participate in the FLSA Collective in addition to the Rule 23 Class **must** opt-into the FLSA Collective by completing and returning the enclosed "Opt-In Consent Form" via U.S. mail, fax, or email, to Class Counsel:

By Mail:  Walcheske & Luzi, LLC
      235 N. Executive Drive, Suite 240
      Brookfield, WI 53005

By Fax:  262-565-6469

By Email:  dpotteiger@walcheskeluzi.com

**You must return the "Opt-In Consent Form" on or before <mark>[DATE]</mark>**. Failure to return the completed form before the deadline will result in you being unable to join the FLSA Collective (but does not affect your participation in the Rule 23 Class, if you qualify as a member of the Rule 23 Class).

Should the Settlement be approved by the Court, participation in the FLSA Collective will result in your release of all FLSA claims that were or could have been asserted in the Lawsuit through the date of the Final Order Approving Settlement.

### If You Request to be Excluded

If you qualify as a member of the Rule 23 Class (meaning you were an hourly-paid, non-exempt employee who performed work for Defendants within two (2) years immediately prior to the filing of the Complaint) and you do not want to participate in the Lawsuit whatsoever, you must submit a request for exclusion. To be effective, the request for exclusion must: (i) include your full name, address, and telephone number; (ii) include your dates of employment at Defendants and job title(s); and, (iii) specifically state your desire to be excluded from the settlement in captioned *Parker v. Villa of Greenfield, LLC and Bay Harbor Assisted Living, LLC*, Case No. 20-cv-1696. If you exclude yourself, you will <u>not</u> receive any monies from the Settlement Fund, you will not be bound by the terms of the Settlement, and you will not release any state or federal law claims against Defendants.

**You must send your request for exclusion on or before <mark>[DATE]</mark>** to the Class Counsel at the address: David M. Potteiger, Walcheske & Luzi, LLC, 235 N. Executive Dr., Suite 240, Brookfield, Wisconsin 53005.

By Fax:  262-565-6469

By Email:  dpotteiger@walcheskeluzi.com

If you are a member of the Rule 23 Class, failure to include the required information or to timely submit your request will result in your remaining a member of the Rule 23 Class and being bound by any final judgment.

### If You Object

If you wish to participate in the Lawsuit and Settlement and you do not request to be excluded, you may object to the terms of the Settlement. If you object and the Settlement is approved, and you fail to submit a timely valid request to be excluded, you will be barred from bringing your own individual lawsuit asserting claims related to the matters released through this Settlement, and you will be bound by the final judgment and release and all Orders entered by the Court. You may, but

need not, enter an appearance through counsel of your choice. If you do, you will be responsible for your own attorneys' fees and costs.

You must file any objection to the Settlement with the Court on or before **[DATE]** and provide copies of the objection to: David M. Potteiger, Walcheske & Luzi, LLC, 235 N. Executive Drive, Suite 240, Brookfield, Wisconsin 53005, Anthony J. Steffek, Davis & Kuelthau, S.C., 318 Washington Street, Suite 300, Green Bay, Wisconsin 54301, and Michael J. Gentry, Reinhart Boerner Van Deuren, S.C., 1000 N. Water Street, Suite 1700, Milwaukee, WI 53202. The objection shall state (i) your full name, address, and telephone number; (ii) your dates of employment at Defendants and job title(s); (iii) a written statement of your factual and legal support for your objection; (iv) copies of any papers, briefs, or other documents upon which the objection is based; (v) a list of all persons who will be called to testify in support of the objection; and (vi) a statement whether you intend to appear at the Fairness Hearing. If you intend to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing you who will appear at the Fairness Hearing.

If you do not timely make your objections in this manner, you will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.

## 4. Class Counsel

The Court appointed the following lawyers as Class Counsel to represent the Rule 23 Class and FLSA Collective:

> Walcheske & Luzi, LLC
> 235 N. Executive Drive, Suite 240
> Brookfield, Wisconsin 53005
> Telephone: (262) 780-1953

If you participate in the Lawsuit, your interests will be represented by Class Counsel.

Please direct any questions you have about the Lawsuit, the Settlement, and/or your rights and options under the Settlement to Class Counsel. **Do not contact the Court.**

## 5. The Fairness Hearing

A hearing will be held before the United States District Court for the Eastern District of Wisconsin (Milwaukee Division), 517 E. Wisconsin Ave. Milwaukee, Wisconsin 53202, on **[DATE and TIME]** The purpose of the hearing is for the Court to decide whether the proposed Settlement is fair, reasonable, and adequate and should be approved and also to approve the enhancement payment and reimbursement of Class Counsel's attorneys' fees and costs. The time and date of this hearing may be changed without further notice.

If the Court approves the proposed Settlement, it will enter a judgment that will dismiss the Lawsuit with prejudice on the merits as to all Rule 23 Class and FLSA Collective members who do not exclude themselves. The payments to which you are entitled as result of your participation in the Lawsuit would follow.

If the Court does not approve the proposed Settlement, the case will proceed as if no settlement has been attempted and there can be no assurance that the class will recover more than is provided for in this Settlement or, indeed, anything.

## 6. Further Information

For additional information you may contact Class Counsel, whose contact information is provided in Section VII, above.

**NO INQUIRIES SHOULD BE DIRECTED TO THE COURT.**

46141369

## OPT-IN CONSENT FORM

Pursuant to 29 U.S.C. §216(b), I hereby consent to make a claim against Villa of Greenfield, LLC and Bay Harbor Assisted Living, LLC (hereinafter "Defendants") for overtime, agreed upon wages, and/or any other claim for wages brought in this action against Defendants. I hereby authorize the filing and prosecution of this Fair Labor Standards Act action in my name and on my behalf and designate Quinncy Parker as class representative to make decisions on my behalf concerning this litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's Counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

**NAME:**
*Nombre*                              Print Name

**SIGNATURE:**
*Firma*                               Sign Name

**DATE:**
*Fecha*                               Date

**PLEASE RETURN TO**:                 Walcheske & Luzi, LLC
*Favor de regresar esta forma a*:

**BY MAIL**                           Walcheske & Luzi, LLC
*Por correo*                          235 N. Executive Drive, Suite 240
                                      Brookfield, WI 53005

                                      or

**BY FAX**                            (262) 565-6469
*Por fax*

                                      or

**BY E-MAIL**                         contact@walcheskeluzi.com
*Por correo electronico*

46141408

**PLEASE COMPLETE AND RETURN WITH THE CONSENT TO JOIN FORM**

NAME: _____
*Nombre*


TELEPHONE NUMBER: _____
*Numero de telefono*


E-MAIL ADDRESS: _____
*Direccion de correo electronico*


ADDRESS: _____
*Domicilio*


CITY: _____ STATE: _____ ZIP CODE: _____
*Cuidad*                              *Estado*              *Codigo postal*


DATES OF EMPLOYMENT: _____
*Fechas de empleo*


JOB POSITION(S): _____
*Puestos de trabajo*


HOURLY RATE OF PAY: _____
*Tarifa de pago*

2