UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

QUINNCY PARKER,

                    Plaintiff,

                                              Case No. 20-cv-1696-pp

        v.

VILLA OF GREENFIELD LLC,
and BAY HARBOR ASSISTED LIVING LLC,

                    Defendants.

**ORDER GRANTING JOINT MOTION FOR SETTLEMENT APPROVAL (DKT. NO. 34), GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF SERVICE AWARD (DKT. NO. 35), GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEY FEES (DKT. NO. 36) AND DISMISSING CASE WITH PREJUDICE**

Plaintiff Quinncy Parker filed a collective and class action on behalf of herself and similarly situated hourly-paid, non-exempt employees working at Villa of Greenfield LLC and/or Bay Harbor Assisted Living LLC who received forms of non-discretionary bonuses that were not included in the regular rate of pay for overtime calculation purposes. Dkt. No. 1. Almost a year after the plaintiff filed the case, the parties file a notice of settlement. Dkt. No. 27. The court administratively closed the case while the parties finalized the terms of their settlement. The parties filed the settlement agreement on February 21, 2022, along with a joint motion to certify class and joint motion for settlement approval. Dkt. No. 30. The court granted the motions on May 27, 2022 and scheduled a fairness hearing. Dkt. No. 32.

1

On August 18, 2022, the parties filed the pending joint motion for settlement approval, dkt. no. 34, unopposed motion for approval of service award, dkt. no. 35, and unopposed motion for attorney fees, dkt. no. 36. The court received no objections to the proposed settlement.

## I.    Joint Motion for Settlement Approval (Dkt. No. 34)

Both the FLSA collective action and the Rule 23 class action settlement require judicial approval. The Rule 23 class action settlement also requires a hearing—the court may approve the Rule 23 settlement only after a hearing and on a finding that the settlement is fair, reasonable and adequate. Fed. R. Civ. P. 23(e)(2). The rule requires consideration of the following factors:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i) the costs, risks, and delay of trial and appeal;
>>
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>>
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The rule's required considerations overlap with the factors articulated by the Seventh Circuit: "(1) the strength of the case for plaintiffs on the merits, balanced against the extent of settlement offer; (2) the complexity, length, and expense of further litigation; (3) the amount of opposition to the settlement; (4) the reaction of members of the class to the settlement; (5) the opinion of competent counsel; and (6) stage of the proceedings and the amount of discovery completed." Wong v. Accretive Health, Inc., 773 F.3d 859, 863 (7th Cir. 2014) (citations omitted); Fed. R. Civ. P. 23(e)(2).

A.    Adequacy of Representation—Rule 23(e)(2)(A)

The court previously appointed Quinncy Parker to serve as the representative of the settlement class and the law firm of Walcheske & Luzi to serve as class counsel. Dkt. No. 32 at 2. The parties agreed to certify the following collective class under the FLSA:

> All current and former hourly-paid, non-exempt employees employed by Defendants between November 11, 2017 and November 11, 2020, who, the Lawsuit alleges, earned forms of non-discretionary compensation. Such as monetary bonuses, incentives, awards, and/or other rewards and payments, in workweeks in which they worked in excess of forty (40) hours as identified in Exhibit A to the Parties' Settlement Agreement.

Dkt. No. 30 at 5. They agreed to certify the following Rule 23 Class:

> All current and former hourly-paid, non-exempt employees employed by Defendants between November 11, 2018 and November 11, 2020, who, the Lawsuit alleges, earned forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in workweeks in which they worked in excess of forty (40) hours as identified in Exhibit A to the Parties' Settlement Agreement.

Id. at 4. On May 27, 2022, the court preliminarily approved the certification of the collective and Rule 23 class. Dkt. No. 32.

The court is not aware of any conflicting interests between Parker and the other class members. In addition, class counsel has adequately represented the class throughout the litigation. With respect to the first factor, the court is satisfied that class is adequately represented.

B.      Arm's Length Negotiations and Non-Collusiveness of Settlement Process—Rule 23(e)(2)(B) and the Seventh Circuit's First Factor

The Seventh Circuit has emphasized that the "most important factor relevant to the fairness of a class action settlement is the strength of plaintiffs' case on the merits balanced against the amount offered in the settlement." Wong, 773 F.3d at 863.

The parties assert that the case involves a *bona fide* dispute as to whether the defendants violated the Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b), and Wisconsin's Wage Payment and Collection laws ("WWPCL"), Wis. Stat. §109.01 *et. seq.*, Wis. Stat. §104.01 *et seq.*, Wis. Stat. §103.001 *et seq.*, Wis. Admin Code §DWD 274.01 *eq seq.* and Wis. Admin Code §DWD 272.001 *et seq.* The parties did not agree on issues such as joint employer liability, class certification and damages. Attorney David Potteiger filed a declaration explaining that informal settlement discussions began on May 10, 2021, and that the parties "engaged in intensive and substantive arms-length settlement negotiations" citing law and facts supporting the respective positions. Dkt. No. 41 at ¶15. He acknowledged that the plaintiffs would have the burden of establishing that the defendants were joint employers, that the

4

payments were non-discretionary in nature, that the defendants had a uniform policy in practice that didn't include the payments in the collective and class members' rates of pay for overtime calculation purposes, that the other members of the collective and class were similarly situated to the named plaintiff and that the defendants didn't act in good faith and willfully violated the FLSA (for the purposes of applying the three-year limitation period). Id. at ¶19.

The parties negotiated for five months before reaching the agreement. Id. at ¶20. Plaintiffs' counsel represents that it is an excellent result for the plaintiff and the settlement class. Dkt. No. 34 at 7. The parties first determined the bonus payments made in the three years prior to the filing of the complaint, then calculated an unpaid overtime amount using a methodology approved by the Department of Labor. Id. They believe the payments constitute all alleged unpaid wages during the statutory two-year period under the WWPCL. Id. Those participating in the FLSA Collective will receive an additional amount equal to one-third of their unpaid wages for the third year of the three-year period under the FLSA. Id.

The settlement appears to compensate the plaintiffs in full for the statutory two-year claims and for the additional year available under the FLSA. The court is satisfied that the parties negotiated at arm's length and in good faith, particularly when balancing the merits of the claim against the settlement.

5

C.     Adequacy of the Relief Provided by the Settlement—Rule
       23(e)(2)(C) and the Seventh Circuit's Second and Sixth Factors

When considering the adequacy of relief, Rule 23(e)(2) instructs the court

to take into consideration the costs, risks and delay of trial and appeal, the

effectiveness of the proposed method of distribution, the terms of any proposed

award and the agreements made in connection with the settlement. Fed. R. Civ.

P. 23(e)(2). Similarly, the Seventh Circuit requires courts to consider the

complexity, length and expense of further litigation and the stage of the

proceedings and the amount of discovery completed. <u>Wong</u>, 773 F.3d at 863.

1.     *The Costs, Risks, and Delay of Trial and Appeal—Rule
       23(e)(2)(C)(i)*

This case has been pending for almost two years. The parties have

engaged in informal and formal written discovery and were planning to

"embark on significant discovery immediately before settlement including

depositions and the engagement of expert witnesses that would have required

substantial financial investment from the parties and their counsel before

dispositive motions and trial." Dkt. No. 34 at 6; Dkt. No. 37 at 2. Even if the

plaintiffs prevailed at trial, the defendants could have appealed several of the

issues, contributing to further delay.

2.     *The Effectiveness of Any Proposed Method of Distributing
       Relief to the Class, Including the Method of Processing Class-
       Member Claims—Rule 23(e)(2)(C)(ii)*

Plaintiffs' counsel sent the notice of class and collective action settlement

to the settlement class through the U.S. mail. Dkt. No. 34 at 3. WWPCL class

members had thirty days to opt out: no one opted out. <u>Id.</u> As a result, there are

6

sixty-three WWPCL class members and three individuals who opted into the FLSA collective. Id. The defendants' counsel will provide the settlement checks to the plaintiffs' counsel for the class within fourteen days of the court entering the final order. The plaintiffs' counsel will send the checks through the U.S. mail as "soon as practicable." Id. Settlement class members will have 120 days to cash their individual settlement checks. Id.

The defendants will pay 100% of the actual alleged unpaid overtime wages earned during the two-year statutory period and an additional one-third of the actual unpaid wages earned during the third year of the FLSA's three-year statutory period.

3.   *The Terms of any Proposed Award of Attorneys' Fees, Including Timing of Payment—Rule 23(e)(2)(C)(ii)*

Class counsel has requested fees and costs in the amount of $15,000 even though actual costs exceed that amount. The defendants have agreed to disburse the checks within fourteen days of the court granting final approval of the settlement.

4.   *Any Agreement Required To Be Identified Under Rule 23(e)(3)—Rule 23(e)(2)(C)(iv)*

The parties have not identified any agreement other than the agreement itself that must be considered under Rule 23(e)(3).

D.   Equitable Treatment of Class Members—Rule 23(e)(2)(D)

All class members are entitled to their share as calculated under the agreement and will receive the same treatment as similarly-situated class members. This factor weighs in favor of approving the agreement.

7

E.    The Amount of Opposition to the Settlement—the Seventh Circuit's Third and Fourth Factors

The court is not aware of any opposition to the settlement. No objections were received by class counsel. Dkt. No. 34 at 3. The court received no objections.

F.    The Opinion of Competent Counsel—The Seventh Circuit's Fifth Factor

Counsel agree that the settlement is fair, reasonable and adequate.

G.    Final Approval

After reviewing the settlement agreement and considering the above factors, the court will grant the joint motion for approval of settlement.

## II.    Unopposed Motion for Attorney Fees (Dkt. No. 36)

Rule 23(h) allows the court to approve fees that are authorized by law or the parties' agreement. The FLSA contains a mandatory fee shifting provision. 29 U.S.C. §216(b). Wis. Stat. §109.03(6) allows the court to award a prevailing party a reasonable sum for expenses, including attorneys' fees. The Seventh Circuit urges courts to "do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." In re Synthroid Mktg. Litig. ("Synthroid I"), 264 F.3d 712, 718 (7th Cir. 2001). Courts have the discretion to use either a percentage of the fund or lodestar methodology. Florin v. Nationsbank of Ga., N.A., 34 F.3d 560, 566 (7th Cir. 1994).

8

Class counsel has calculated fees using the lodestar method, which is "frequently employed in common fund cases." Harman v. Lyphomed, Inc., 945 F.2d 969, 973 (7th Cir. 1991).

To calculate the lodestar, the court "[m]ultipl[ies] the hours reasonably expended by the reasonable hourly rates." Id. at 974. "A reasonable hourly rate is based on the local market rate for the attorney's services." Montanez v. Simon, 755 F.3d 547, 553 (7th Cir. 2014). The plaintiffs' counsel has filed a brief and declaration in support of the fees. They currently bill at $450 per hour; the defendants do not contest the reasonableness of the fees. Dkt. No. 41 at 2. Although that hourly fee is a $50 increase from counsels' prior rate, Attorney Potteiger argues that the increase is reasonable because it directly corresponds with rising inflation and is consistent with prevailing market rates. See Dkt. No. 38 at ¶6; 39 at ¶9; 40 at ¶13; 41 at ¶13.

Counsels' actual fees total $20,025 and case-related costs and expenses total $618.65 (for filing fees, service of process, postage and copies), for a grand total of $20,643.65. Dkt. No. 40 at ¶15. The plaintiffs' firm spent 44.50 hours litigating (30.60 hours by Attorney David Potteiger and 13.90 hours by Attorney Scott Luzi). Id. at 6. They estimate that they will spend an additional five hours finalizing the settlement. Id. Plaintiffs' counsel reviewed the defendants' timekeeping and payroll records, as well as conducting an audit. Dkt. No. 37 at 3. Counsel also verified the audit, negotiated the settlement, drafted and finalized the agreement, sent out the class notices, corresponded with opposing counsel, drafted the joint motions, attended the fairness hearing and will mail

9

the settlement checks to the sixty-three class members (following up with those whose checks are undelivered). <u>Id.</u> at 6. The court will approve the requested award of $15,000.

### III.    Unopposed Motion for Approval of Service Award (Dkt. No. 35)

The plaintiffs ask for an incentive award for representative Quinncy Parker in the amount of $1,000. Dkt. No. 35. In examining the reasonableness of a requested service award, courts consider: "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." <u>Cook v. Niedert</u>, 142 F.3d 1004, 1016 (7th Cir. 1998). Quinncy Parker was the only named plaintiff. For two years, she has assisted with the pre-suit investigation (identifying witnesses, documents and putative class members), formal discovery and settlement negotiations. Dkt. No. 35 at 2.

The requested amount is less than service awards that this court previously has approved. This court has approved service awards of $5,000 in <u>Pintor v. Hypro</u>, Case No. 17-cv-890 (E.D. Wis. 2018), Dkt. No. 52 at 2, and <u>Pintor v. Fall River Group</u>, Case No. 17-cv-865 (E.D. Wis. 2018), Dkt. No. 47 at 2. The court will grant the plaintiffs' motion for approval of a $1,000 award in this case.

### IV.    Conclusion

The court **GRANTS** the joint motion for final approval of settlement. Dkt. No. 34.

10

The court **CERTIFIES** the WWPCL Class under Rule 23 and **APPROVES** the settlement as fair, reasonable and adequate under Rule 23(e) of the Federal Rules of Civil Procedure.

The court **CERTIFIES** the FLSA Collective under 29 U.S.C. §216(b) and **APPROVES** the settlement agreement as a fair and reasonable resolution of a *bona fide* dispute under FLSA.

The court **APPROVES** the settlement payments to the settlement class and **DECLARES** the agreement binding on the parties.

The court **GRANTS** the plaintiffs' unopposed motion for approval of attorneys' fees and costs. Dkt. No. 36. The court **APPROVES** the requested attorneys' fees and costs in the amount of $15,000.

The court **GRANTS** the plaintiffs' unopposed motion for approval of the class representative incentive award. Dkt. No. 35. The court **APPROVES** the requested payment in the amount of $1,000 to Quinncy Parker.

The court **ORDERS** that this case and all WWPCL Class and FLSA Collective members' released claims are **DISMISSED** with prejudice. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 3rd day of November, 2022.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge

11